# IN THE COURT OF APPEALS OF IOWA

No. 19-1089
Filed October 23, 2019

**IN THE INTEREST OF A.B., S.C., and M.C.,**
**Minor Children,**

**T.W., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Kayla Stratton of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to three children, born in 2015, 2016, and 2017.[1] She contends the State failed to prove the children could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4) (2019).

Our de novo review of the record reveals the following facts and proceedings. Early one morning in early 2017, a passerby noticed the mother in a parking lot with her two oldest children. The passerby offered to drive the mother and her children to a friend's house. When the mother could not find the house and could not remember the names of her children, the passerby dropped her off at a convenience store.

Police were called. The mother tested positive for high levels of alcohol in her system and was arrested and charged with several crimes.

The department of human services intervened, and the State sought the children's removal from their mother's custody. The juvenile court granted the application. The children were placed with a relative and were subsequently adjudicated in need of assistance. Both children tested positive for cocaine.

The mother pled guilty to neglect of a dependent person and was placed on "[t]wo years of probation with deferred judgment." Her probation was later extended based on additional criminal conduct.

Meanwhile, the mother underwent a substance-abuse evaluation and was diagnosed with severe alcohol-use disorder and mild cocaine-use disorder. She

---

[1] The State's termination petition as to a fourth child, born in 2018, was dismissed.

began substance-abuse treatment and was successfully discharged from the program several months later, notwithstanding positive tests for alcohol and cocaine. In the fall of 2017, both children were returned to the mother's custody.

Shortly thereafter, the mother gave birth to her third child. The State petitioned to have the child adjudicated in need of assistance. Meanwhile, the mother again tested positive for cocaine. The State sought and obtained an order removing all three children from the mother's custody. The third child was adjudicated in need of assistance.

The mother's substance abuse did not abate. In late 2018, she had a drug patch removed based on a claimed allergic reaction to the adhesive. The department reported that "[l]ess than 1% of the world population is allergic to the surgical adhesive used in the . . . [s]weat [p]atch." Around the same time, the mother gave birth to her fourth child.

The State petitioned to terminate the mother's parental rights to the children.[2] At the termination hearing, the mother admitted to an alcohol-related disorder but denied having a cocaine-related disorder. She did not explain how her two oldest children tested positive for cocaine, and she denied that substance abuse remained a concern. As noted, the juvenile court granted the petition.

The mother asserts that several circumstances at the time of the termination hearing militated in favor of returning the children to her custody. She cites her "safe and appropriate home," the fact that she had "gainful[] employ[ment]," and

---

[2] The State also petitioned to terminate the parental rights of the two fathers. One of the fathers died, and the other did not appeal the termination of his parental rights.

her participation in reunification services, including visits with the children.  She says nothing about the extensive evidence of ongoing alcohol and drug use.

As the district court found, the mother failed to take accountability for her substance-abuse disorders and the significant adverse effects of the disorders on her children.  The two older children were removed, returned, and removed again.  The relative who had been caring for them informed the department she could not serve as a permanent placement, precipitating a modification of that placement.  The youngest child similarly was transferred among caregivers.  With the multiple transfers, the children's bond with the mother understandably frayed.

An early childhood specialist who assisted the family testified there was "not a lot of interaction with [the mother] and the children during . . . visits."  The mother failed to "make eye contact with" the children or "verbally engage them."  The specialist stated the children did not "look to [the mother] as that person to play with" and they were not "going to her when they [were] upset."

The department social worker assigned to the case similarly reported that "[t]he children are at substantial risk because they have lost a caregiver or attachment figure [and] had multiple caregivers."  She stated, "Throughout the case, it has been a concern that the children do not appear to have a sense of security with their caregivers."  She noted the mother did not "display[] a significant degree of empathy, reciprocity, or comfort in [her] relationship with the children."  She questioned the mother's "ability to safely parent the[] children on a full-time basis."

Based on this record, we conclude the State proved the children could not be returned to the mother's custody as set forth in Iowa Code section 232.116(1)(f)

and (h).  Accordingly, we affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**